## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES EDWARD MINSKI,**

      **Plaintiff,**

      **v.**                                  **CASE NO.  24-3014-JWL**

**SONYA LEWIS,**

      **Defendant.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

    Plaintiff James Edward Minski is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Winfield Correctional Facility in Winfield, Kansas ("WCF").  Plaintiff has paid the full filing fee.

    Plaintiff brings a claim for violation of his rights under the Eighth Amendment.  (Doc. 1, at 3.)  He alleges that the defendant was deliberately indifferent to his serious medical needs. Plaintiff explains that he submitted a sick call form on May 7, 2023, for a painful tooth that was sensitive to air and some foods.  *Id.*  He was seen by medical staff on May 8, 2023, and scheduled to see Dr. Lewis, the dentist.  Plaintiff declined the offer of Tylenol or Ibuprofen because he has liver damage from Hepatitis C.  *Id.* at 4.  On May 12, 2023, Plaintiff submitted another sick call form, stating the pain was worse and asking for pain medication.  Plaintiff returned to medical on

May 16, 2023, needing additional pain medication.  He was issued a thirty-day supply on May 18, 2023.  *Id.*

On June 6, 2023, Plaintiff was seen by Dr. Lewis.  She told him that he needed to have the tooth extracted and scheduled the extraction for June 20, 2023.  In response to Plaintiff's request for more pain medication, Dr. Lewis said she would order it.  Plaintiff alleges that he also asked about the risk of infection, and Dr. Lewis declined to prescribe antibiotics and told him not to worry.  *Id.*

According to Plaintiff, Dr. Lewis failed to order more pain medication for him.  Plaintiff submitted another sick call form on June 17, 2023.  He received no response, so he went to Unit Team Supervisor Griffith with the problem.  *Id.*  Griffith contacted the Director of Nursing, Julie Patterson, and was told that they were trying to reach the dentist.  *Id.* at 4-5. She also renewed the order for pain medication.  (Doc. 1-1, at 13.)  On June 20, 2023, Plaintiff was told it would be an additional week before he saw the dentist.  (Doc. 1, at 5.)  On June 21, 2023, Plaintiff submitted another sick call form for pain medication, and he returned to medical on June 22 for more pain medication.  *Id.*

Also on June 22, 2023, Plaintiff was called to the dental office and examined by Dr. Lewis. She determined that he had developed an infection so the tooth could not be extracted until the infection was gone.  Dr. Lewis prescribed antibiotics and pain medication.  Finally, on July 4, 2023, the tooth was extracted.  *Id.*

Plaintiff states that he was forced to live in pain for fifty-seven (57) days, having to miss many meals, lose sleep, and experience emotional and physical distress.  *Id.*

Plaintiff names Dr. Lewis as the sole defendant.  Plaintiff seeks relief in the form of compensatory damages of $1,500 per day for a total of $85,500 and punitive damages of $20,000. *Id*. at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted).  The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay.  *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).  "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff must also satisfy the subjective prong.  The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).  An apparent disagreement over course of treatment, however, does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).  "A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Id.* at 1139.  "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id.* (citations omitted).  Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id.*  "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id.*  (citations omitted).

The Court finds that Plaintiff's allegations do not show that he received the functional equivalent of a complete denial of care.  Plaintiff saw medical staff within a day of submitting a sick call form regarding his tooth.  He saw Dr. Lewis about 30 days after his sick call request. Medical staff was responsive in the meantime, and he was provided with pain medication.  Upon

seeing Dr. Lewis, she told Plaintiff that she did not see any indication of infection and scheduled the tooth extraction for two weeks later.  She also told Plaintiff that she was renewing the pain medication order.  Apparently, she failed to enter an order for pain medication, but there is no allegation or evidence that this was more than an oversight or a mistake.  Plaintiff then developed an infection that further delayed the extraction of the tooth.  Again, there is no allegation or evidence that the infection was the result of deliberate indifference.

Plaintiff has failed to show that the defendant was deliberately indifferent regarding his dental care, and his Complaint is subject to dismissal.  The allegations do not demonstrate that Defendant disregarded an excessive risk to Plaintiff's health or safety or that she was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.  Plaintiff's allegations suggest, at most, negligence – not a constitutional violation - and are subject to dismissal.  *See Perkins*, 165 F.3d at 811.  Any medical malpractice claim that Plaintiff may have against Dr. Lewis must be brought in state court.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 22, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 22, 2024, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**