IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EDWARD MINSKI,

    **Plaintiff,**

    v.                                                                     CASE NO. 24-3014-JWL

SONYA LEWIS,

    **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Winfield Correctional Facility in Winfield, Kansas ("WCF"). Plaintiff has paid the full filing fee.

Plaintiff brings a claim for violation of his rights under the Eighth Amendment. He alleges that the defendant, Dr. Lewis, was deliberately indifferent to his severe tooth pain and need for dental treatment. Plaintiff states that he was forced to live in severe pain for fifty-seven (57) days, having to miss many meals, lose sleep, and experience emotional and physical distress.

The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (Memorandum and Order to Show Cause, Doc. 6) ("MOSC"). The MOSC found that Plaintiff's allegations did not demonstrate deliberate indifference on the part of the defendant, instead suggesting negligence – not a constitutional violation.

Before the Court is Plaintiff's response to the MOSC (Doc. 10). Plaintiff makes several pertinent arguments. He points out that Dr. Lewis failed to order more pain medication after seeing

1

him on June 6, 2023, even though she did not schedule the tooth extraction until June 20. While that could have been an oversight, Plaintiff notes that he submitted an Inmate Request to Staff Member on June 11, asking Dr. Lewis to order pain medication as she had said she would, and a sick call form on June 17. Dr. Lewis did not respond to either request until July 13, 2023, nine (9) days after the tooth was extracted.

Plaintiff argues that he should not have had to wait thirty (30) days before seeing a dentist, then when he did finally see Dr. Lewis on June 6, the tooth should have been extracted and Dr. Lewis should not have been dismissive of Plaintiff's concerns about infection. Plaintiff did in fact develop an infection with swelling of his jaw and face, causing further delay and additional severe pain before the extraction could occur. He argues that his allegations demonstrate deliberate indifference on the part of Dr. Lewis, quoting *Mata v. Saiz* in support: "A prisoner may satisfy the subjective component [of the test for deliberate indifference] by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of her condition. Even a brief delay may be unconstitutional." *Mata v. Saiz*, 427 F. 3d 745, 755 (10th Cir. 2005).

The Court has considered Plaintiff's response and finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly complete the screening of Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Court will enter a separate e-service order directing the Clerk of Court to serve Defendant.

(2) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the docket entry for the waiver of service is not controlling.

(3) Officials responsible for the operation of the Winfield Correctional Facility are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(5) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(6) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(7) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(8) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, Defendant, counsel for the KDOC, and the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated May 10, 2024, in Kansas City, Kansas.**

>    <u>S/ John W. Lungstrum</u>
>    **JOHN W. LUNGSTRUM**
>    **UNITED STATES DISTRICT JUDGE**