IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EDWARD MINSKI,

    **Plaintiff,**

    v.                                                     CASE NO. 24-3014-JWL

SONYA LEWIS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Winfield Correctional Facility in Winfield, Kansas ("WCF"). Plaintiff paid the full filing fee. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (Memorandum and Order to Show Cause, Doc. 6) ("MOSC-I"). The MOSC-I found that Plaintiff's allegations did not demonstrate deliberate indifference on the part of the defendant, instead suggesting at most negligence – not a constitutional violation. Plaintiff filed a Response to the MOSC-I, and on May 10, 2024, the Court entered a Memorandum and Order (Doc. 11) ("M&O") directing the officials responsible for the operation of the WCF to file a *Martinez* Report. The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 5, at 4.) The *Martinez* Report (the "Report") has now been filed. (Docs. 16 and 18.) The Court's screening standards are set forth in detail in the M&O.

**I. Plaintiff's Allegations**

Plaintiff brings a claim for violation of his rights under the Eighth Amendment. (Doc. 1, at 3.) He alleges that the defendant was deliberately indifferent to his serious medical needs.

1

Plaintiff explains that he submitted a sick call form on May 7, 2023, for a painful tooth that was sensitive to air and some foods. *Id.* He was seen by medical staff on May 8, 2023, and scheduled to see Dr. Lewis, the dentist. Plaintiff declined the offer of Tylenol or Ibuprofen because he has liver damage from Hepatitis C. *Id.* at 4. On May 12, 2023, Plaintiff submitted another sick call form, stating the pain was worse and asking for pain medication. Plaintiff returned to medical on May 16, 2023, needing additional pain medication. He was issued a thirty-day supply on May 18, 2023. *Id.*

On June 6, 2023, Plaintiff was seen by Dr. Lewis. She told him that he needed to have the tooth extracted and scheduled the extraction for June 20, 2023. In response to Plaintiff's request for more pain medication, Dr. Lewis said that "it would be ordered." *Id.* Plaintiff alleges that he also asked about the risk of infection and possibly taking antibiotics, but Dr. Lewis declined to prescribe antibiotics and told him not to worry. *Id.*

According to Plaintiff, Dr. Lewis failed to order more pain medication for him. Plaintiff submitted another sick call form on June 17, 2023. He received no response, so he went to Unit Team Supervisor Griffith with the problem. *Id.* Griffith contacted the Director of Nursing, Julie Patterson, and was told that they were trying to reach the dentist. *Id.* at 4-5. She also renewed the order for pain medication. (Doc. 1-1, at 13.) On June 20, 2023, Plaintiff was told it would be an additional week before he saw the dentist. (Doc. 1, at 5.) On June 21, 2023, Plaintiff submitted another sick call form for pain medication, and he returned to medical on June 22 for more pain medication. *Id.*

Also on June 22, 2023, Plaintiff was called to the dental office and examined by Dr. Lewis. She determined that he had developed an infection so the tooth could not be extracted until the

infection was gone. Dr. Lewis prescribed antibiotics and pain medication. Finally, on July 4, 2023, the tooth was extracted. *Id*.

Plaintiff states that he was forced to live in pain for fifty-seven (57) days, having to miss many meals, lose sleep, and experience emotional and physical distress. *Id*.

Plaintiff names Dr. Lewis as the sole defendant. Plaintiff seeks relief in the form of compensatory damages of $1,500 per day for a total of $85,500 and punitive damages of $20,000. *Id*. at 7.

## II. The *Martinez* Report

The Report largely agrees with Plaintiff's recounting of events. However, the Report also points out, and provides documentation showing, that Plaintiff was continuously provided pain medication from May 31, 2023, through July 10, 2023. (Doc. 16, at 4; Doc. 16-7, at 1-49.) The Report states that Dr. Lewis works at three different correctional facilities and was only scheduled to work at WCF one day a week. (Doc. 16-10, at 2.) Dr. Lewis provided an affidavit stating that she did not order immediate extraction of Plaintiff's tooth on June 6, 2023, because Plaintiff "expressed that the sensitivity in tooth #27 was on and off again." *Id*. She made the determination that Plaintiff "did not present as in severe enough discomfort to require immediate extraction." *Id*. She further states that she ordered extraction of the tooth to be performed on the next date [she] was available to see Mr. Minski" and that she was "unable to see Mr. Minski the week after his initial examination because there were other inmates who required more immediate dental care." *Id*. at 2-3.

The Report concludes by asserting that the investigation shows that Plaintiff received continuing care and treatment for his tooth pain, and "[a]lthough after the fact a June 6, 2023 extraction would probably have resulted in a better outcome, this investigation reveals no evidence

3

to find the defendant deliberately indifferent to the plaintiff's dental care and treatment or that relevant policies and procedures were not followed." (Doc. 16, at 6.)

**III. Discussion**

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata*

*v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff must also satisfy the subjective prong.  The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).  An apparent disagreement over course of treatment, however, does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).  "A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'"  *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Id*. at 1139.  Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*.  "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted).

The Court finds that Plaintiff's allegations do not show that he received the functional equivalent of a complete denial of care.  Plaintiff saw medical staff within a day of submitting a sick call form regarding his tooth.  He saw Dr. Lewis about 30 days after his sick call request.  Medical staff was responsive in the meantime, and he was provided with pain medication.  Upon seeing Dr. Lewis, she told Plaintiff that she did not see any indication of infection and scheduled

5

the tooth extraction for two weeks later. Plaintiff alleges that he "requested more pain mediation [and] was told by defendant it would be ordered." (Doc. 1, at 4.) Apparently, she failed to enter an order for "more" pain medication, but there is no allegation or evidence that this was more than an oversight or a mistake. More importantly, there was an existing order for pain medication that remained in effect, meaning that at no point was Plaintiff without pain medication.

Plaintiff then developed an infection that further delayed the extraction of the tooth. Again, there is no allegation or evidence that the infection was the result of deliberate indifference. Plaintiff's allegations suggest, at most, a disagreement between Plaintiff and Dr. Lewis over course of treatment in terms of the risk of infection. Such a disagreement, however, does not rise to the level of a constitutional violation. *Gee*, 627 F.3d at 1192.

Plaintiff has failed to show that the defendant was deliberately indifferent regarding his dental care, and his Complaint is subject to dismissal. The allegations do not demonstrate that Defendant disregarded an excessive risk to Plaintiff's health or safety or that she was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.

**IV. Response Required**

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)). Thus, at this point in the proceedings the Court does not use the Report to resolve conflicts of fact. *See Swoboda v. Duback*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining

whether a plaintiff has stated a claim, the district court may not look to the Martinez report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes.").

In light of the Report, the Court is considering dismissal of this matter for failure to state a claim. Plaintiff is granted an opportunity to respond to the Report and to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **December 2, 2024,** in which to respond to the *Martinez* Report and to show good cause why this action should not be dismissed.

**IT IS SO ORDERED**.

**Dated October 31, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**