IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES EDWARD MINSKI,**

    **Plaintiff,**

    v.                                            CASE NO. 24-3014-JWL

**SONYA LEWIS,**

    **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is a prisoner at the Winfield Correctional Facility in Winfield, Kansas ("WCF"). On May 10, 2024, the Court entered a Memorandum and Order (Doc. 11) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment claims could not be achieved without additional information and directing Kansas Department of Corrections ("KDOC") officials to submit a *Martinez* Report. The *Martinez* Report (Docs. 16 and 18) (the "Report") was filed, and on October 31, 2024, the Court entered a Memorandum and Order (Doc. 20) ("M&O II") granting Plaintiff an opportunity to respond to the Report and to show good cause why his claims should not be dismissed. This matter is before the Court on Plaintiff's response (Doc. 22).

Plaintiff's claims are set forth in detail in the Court's M&O II. In summary, Plaintiff's claims relate to the defendant's alleged failure to properly treat a painful tooth. Plaintiff alleges that the delay in necessary treatment of the tooth and his serious pain constitutes cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff names Dr. Sonya Lewis as defendant. Plaintiff seeks compensatory and punitive damages.

The findings in the Report are set forth in the M&O II.  In summary, the Report asserts that Plaintiff received continuing care and treatment for his tooth pain and that there is "no evidence to find the defendant deliberately indifferent to the plaintiff's dental care and treatment or that relevant policies and procedures were not followed."  (Doc. 16, at 6.)

In his response, Plaintiff disputes the allegations in the Report.  Plaintiff alleges that the Report's claim that he did not mention tooth pain at an annual physical on May 26, 2023, is misleading.  (Doc. 22, at 2.)  He argues that the nurse conducting the physical already knew about his dental problems and knew that Plaintiff was waiting to see the dentist for the first time.  *Id*.  Plaintiff also disputes the implication that he misrepresented or left out facts.  He states that he has no recollection or record of receiving medication on June 19, 2023, as the Report claims.  *Id*. at 3.  Plaintiff asserts that the Report's claim that he was continuously provided pain medication is disingenuous since the medication he received was over-the-counter ibuprofen and acetaminophen, which was not adequate to address the intense pain he suffered.  *Id*. at 4-5.  In addition, Plaintiff disputes the Report's claim that the defendant provided dental care to three correctional facilities and was only scheduled to work at Plaintiff's facility once a week.  He points to the fact that Winfield Correctional Facility and Winfield Long Term Care Facility are, for all intents and purposes, the same location.  *Id*. at 5.  Further, he refers to the provision in the contract between Centurion and KDOC as to the amount of time Defendant was required to be at Plaintiff's facility, arguing it should have been sufficient to provide him with care more promptly.  *Id*. at 5-6.  Plaintiff also disputes the defendant's account of what Plaintiff reported about his tooth during his first appointment, and he disputes the statement that he was seen on June 22, 2023, as a result of a routine sick call request.  *Id*. at 7.

In addition, Plaintiff points out that the Court failed to include factual allegations he included in supplemental materials. *Id.* at 1. During the time after Plaintiff's first visit to the defendant while he was waiting for his tooth to be extracted, he suffered significant swelling of his lower jaw, face, and lower right gum on two occasions. (Doc. 8-1, at 1-2.) He names two witnesses who can testify to seeing the facial swelling. *Id.*

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citation omitted). The Court "cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." *Id.* at 1109. "Furthermore, '[a] bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* Report are less specific or well-documented than those contained in the report.'" *Bellamy v. Kansas*, 2024 WL 3718065, at n.5 (10th Cir. Aug. 8, 2024) (unpublished) (quoting *Hall*, 935 F.2d at 1109).

The Court is unable to resolve the factual disputes at this stage of the proceedings and finds that this case survives screening under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims survive the Court's screening under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the defendant shall have until **February 24, 2025,** to answer or otherwise respond to the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 21) to respond to the Memorandum and Order dated October 31, 2024, is **granted**, making Plaintiff's response timely.

**IT IS SO ORDERED**.

Dated January 24, 2025, in Kansas City, Kansas.


                                            **S/   John W. Lungstrum**
                                            **JOHN W. LUNGSTRUM**
                                            **UNITED STATES DISTRICT JUDGE**